UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD CHITTICK,

    Plaintiff,

v.

Case No. 24-cv-10715
Hon. Matthew F. Leitman

TOWNSHIP OF WATERFORD,

    Defendant.

_____/

**ORDER DENYING MOTION TO DISMISS (ECF No. 7), TERMINATING AS MOOT DEFENDANT'S MOTION TO STRIKE SUR-REPLY (ECF No. 16), AND ESTABLISHING SCHEDULE FOR RESOLUTION OF DEFENDANT'S LIMITATIONS DEFENSE**

In this action, Plaintiff Richard Chittick alleges that Defendant Waterford Township violated his rights under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et. seq.* ("ADA"). Now before the Court is a motion by Waterford Township under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Chittick's Complaint (ECF No. 7.) In the motion, Waterford Township alleges that Chittick's ADA claim is untimely because he did not file this action within 90 days of receiving a Notice of Right to Sue from the United States Department of Justice. (*See* Mot. to Dismiss, ECF No. 7, PageID.6.) In response, Chittick contends, among other things, that the limitations period should be equitably tolled, and he

1

presents affidavits and other evidence in support of that contention. (*See* Resp., ECF No. 11.)

The Court has reviewed the motion, response, and reply and concludes that Waterford Township's limitations defense and Chittick's equitable tolling contention are best resolved at the summary judgment stage rather than on the pleadings. *See. e.g., Clark v. Hanley*, 89 F.4th 78, 94 (2d. Cir. 2023) (explaining that "equitable tolling often raises fact-specific issues premature for resolution on a 12(b)(6) motion"); *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993)) ("Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it 'is not generally amenable to resolution on a Rule 12(b)(6) motion.'"). The Court further concludes that the most efficient course of action here is (1) to have the parties complete a limited period of initial discovery focused exclusively upon Waterford Township's limitations defense and Chittick's claim of equitable tolling and (2) to then permit Waterford Township to raise the limitations defense in a motion for summary judgment. Focusing exclusively on the limitations defense at this point makes sense to the Court because that issue may be dispositive and because litigating the remainder of the case will appear to involve substantial time and expense, including what appears to be potentially substantial expert discovery.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Waterford Township's motion to dismiss (ECF No. 7) is **DENIED**.

2. Waterford Township's motion to strike Chittick's sur-reply (ECF No. 16) is **TERMINATED AS MOOT** in light of the Court's decision to deny Waterford Township's motion to dismiss and to address the limitations defense and equitable tolling at the summary judgment stage.

3. The parties shall conduct an initial period of discovery focused solely upon (a) Waterford Township's limitations defense, (b) Chittick's claim that the limitations period should be equitably tolled, and (c) any other bases on which Chittick claims that Waterford Township cannot prevail on its limitations defense. The parties shall complete this limited discovery by not later than **January 30, 2025**. This discovery may include depositions limited to the above-identified subject matters, and the witnesses who are deposed on these limited matters may be deposed a second time with respect to other matters if the case proceeds into further discovery.

4. Waterford Township may file a motion for summary judgment addressing solely its limitations defense by not later than **February 28, 2025**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 5, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 5, 2024, by electronic means and/or ordinary mail.

                                             s/Holly A. Ryan
                                             Case Manager
                                             (313) 234-5126